### ALBERT E. ADAMS vs. JOHN PIERCE.

Third Judicial District, New Haven, January Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A verdict for a sum just equal to the amount of the plaintiff's claim less a conceded credit of $62.70 to the defendant, will not justify this court in holding, as matter of law and without any further information, that the jury must have disregarded an instruction of the court to allow the defendant an item of $96, though the similarity between the amount of the plaintiff's claim and the verdict is certainly suggestive of that conclusion.

It is for the jury to determine what the fact is upon a fair conflict in the evidence.

By oral agreement the plaintiff undertook to manage the defendant's farm, to supply at his own expense all labor necessary to carry on the work of planting and harvesting, and of caring for the stock. The defendant agreed to furnish the stock, tools and equipment and provide a residence for the plaintiff. An inventory was made when the contract went into effect and upon its termination another was to be taken, and the profit or loss thus shown was to be divided equally between the parties. In a suit for damages for

an alleged breach of this agreement by the defendant in dismissing the plaintiff, the trial court charged the jury that the amount recoverable, if any, would be one half the difference between the original inventory value and the value of the inventory at the time of the breach, but inadvertently omitted from the calculation the value of the stock purchased by the defendant after the first inventory and prior to the breach. *Held* that this omission constituted a harmful error, as it might be that the damages awarded were improperly swelled by the amount of these purchases.

A mistaken reference to the defendant instead of the plaintiff in an instruction, is harmless, if it is clear from the context and other portions of the charge of whom the court was in fact speaking.

A trial judge is under no duty to charge, of his own motion, upon a subject which is not involved in the issues raised by the pleadings.

Submitted on briefs January 22d—decided May 7th, 1920.

ACTION to recover damages for the alleged breach of an oral agreement to conduct and manage a farm, brought to the District Court of Waterbury and tried to the jury before *Makepeace, J.;* verdict for plaintiff for $1,102.23, of which $65.55 was remitted, and judgment rendered for $1,036.68, from which the defendant appealed. *Error and new trial ordered.*

*James E. Russell* and *James E. McKnight,* for the appellant (defendant).

*Frank B. O'Neill,* for the appellee (plaintiff).

WHEELER, J.   The parties agree that on or about February 18th, 1918, an oral agreement was made between them, under which the plaintiff agreed to undertake the management of the defendant's farm, to provide at his own expense all help and labor necessary in this business, care for the stock on the farm, and plant and harvest crops on the farm. The defendant was to furnish the cows, stock, tools and equipment for carrying on the business, and to provide a residence for the plaintiff on the farm. Other provisions of the agreement are not essential.

Substantially the only issue of fact involved, arose out of the denial of the defendant of the right of the plaintiff to purchase, sell or exchange cattle, without the permission of the defendant.

Under the agreement an inventory of the stock, tools and equipment on the farm was provided for at the beginning of the contract, and to this inventory was to be added subsequent purchases of cows and other stock by the defendant. Upon the termination of the agreement for any cause, another inventory was to be taken of stock, tools, equipment and material upon the farm, and if the later inventory exceeded the earlier, the excess was to be divided equally between the parties, but if it were less, the loss was to be borne equally between them.

The motion to set aside the verdict rests upon three grounds which we shall consider in order. First. A conceded fact in the case was that the plaintiff was to bear one half of the expense of grain for the stock, and that this sum amounted to $96 and was not charged against the sum credited to the plaintiff. The defendant reaches this conclusion, upon finding the verdict to be a sum just equal to the amount of the plaintiff's claim of $1,164.93, less $62.70, composed of items admitted by plaintiff as proper credits to defendant. The credit of $96 was uncontested, and the court instructed the jury that they should deduct one half of the grain bill from the amount found due. The similarity between plaintiff's claim and the verdict is persuasive that the jury did not allow this credit, but it is not conclusive; and we cannot, without further information, say, as matter of law, that the jury did not follow the instruction of the court and allow this credit.

Second. A principal issue in the case was whether, under the agreement of the parties, the plaintiff had

the right to sell, as he claimed, any and all of the defendant's stock and personal property on the farm, if he so desired, without the defendant's knowledge or consent. The defendant insists that proof of this depends upon the plaintiff's unsupported testimony, and that it is contradicted by the very nature of the agreement. We find a fair conflict in the evidence upon this point, which it was the province of the jury to decide.

Third. Again, the defendant insists that the plaintiff's proof of damages is inconclusive and unreliable, and that he has clearly failed to sustain the burden of proving his damages by a fair preponderance of the evidence. But we find a fair conflict of the evidence upon these points, and one which fairly fell within the province of the jury to decide.

Conceding it to have been the duty of the plaintiff to have accepted an offer of his share of the crops, and thus to have minimized his damages,—whether such offer was made him was a question of fact in dispute, and was found by the jury in favor of the plaintiff. We see no reasonable ground for setting aside the verdict.

Several portions of the charge are assigned as error. 1. In charging the jury that "there is no dispute but that the inventory was taken at some time near the beginning of the agreement, and there is no substantial disagreement as to the valuation established thereby." The defendant offered evidence to prove and claimed to have proved, that the original inventory value, plus the stock thereafter purchased, was $3,130, while the plaintiff claimed this value to be $2,886.50. If the trial judge was referring in this part of his charge to the total of charges against the defendant, his statement that there was no substantial disagreement between the parties as to this amount was erroneous. But we think the trial judge was referring to the

original inventory containing the valuation of the personal property on defendant's farm at the beginning of the agreement, and not to that plus the subsequent purchases of stock by the defendant.

2. In charging the jury that if they should "find . . . that the agreement was breached by the defendant, you may establish damages to the plaintiff by taking into consideration the agreed valuation of the property placed in the plaintiff's hands on or about February 18th, and you may determine the fair valuation . . . of the stock and supplies on hand on the date which you shall determine the contract was so breached. If you shall find the value at that time was greater than on or about February 18th, you may take half of the difference and add to it one half of the payment for milk from September 1st up to the date when you shall decide the contract was so breached, and may deduct one half the grain bill for that time." Both parties treated subsequent purchases of stock as part of the original inventory, and this accorded with the agreement. It was undisputed that the defendant had made purchases of stock subsequent to the original inventory. The measure of damages would be one half the difference between the total of the original inventory, plus the purchases of stock made by the defendant, and the valuation at the time of the breach by defendant. The charge inadvertently omitted from the calculation the value of the stock purchased by the defendant subsequent to the inventory and preceding the breach. It may be that the damages were swelled by the amount of this omission. Just damages could not be measured without taking into consideration the value of the stock purchased. This omission was a harmful error.

3. The third assignment of error is based upon a portion of the charge which was incorrect, because affirmed of the defendant instead of the plaintiff. The

context and other portions of the charge made it entirely clear of whom in fact the trial court was speaking, and satisfy us that the jury were not misled by the mistaken designation of one of the parties.

4. The failure to charge that if the jury "should find . . . that the plaintiff did not perform his duties incidental to his employment with due regard to his employer's interest, or if they should find that he had been dishonest or unfaithful or guilty of gross misconduct in the conduct of any of his duties, that he would forfeit all right to compensation for any services he might have rendered prior to his dismissal." None of the issues involved in this request were raised in the pleading, and no such request to charge was made. The trial judge was under no obligation of his own motion to make such charge.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.